[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 1, 2006
THOMAS  K. KAHN
CLERK

----------------------------------------
No. 05-11477
Non-Argument Calendar
----------------------------------------

D.C. Docket  No. 03-20641-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NANETTE INGRAM,
a. k. a. Ali Nanette,

Defendant-Appellant.

--------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
--------------------------------------

**(February 1, 2006)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Nanette Ingram appeals the 33-month sentence

imposed upon her plea of guilty to conspiracy to commit bank and mail fraud, in

violation of 18 U.S.C. § 371, and bank fraud, in violation of 18.U.S.C. § 1344. No reversible error has been shown; we affirm.

Ingram raises a single issue on appeal: whether imposition of a sentence under a post-Booker, United States v. Booker, 125 S.Ct. 738 (2005), advisory application of the Guidelines, for offenses committed (and for which a guilty plea was entered) pre-Booker, violates ex post facto principles.[1] Ingram contends on appeal, as she did before the district court, that, at the time the offense was committed and at the time she entered her guilty plea, the "statutory maximum sentence" she could receive, based solely on her base offense level as defined by the Guidelines[2] (U.S.S.G. § 2B1.1(a)), was six months.[3] The district court enhanced her sentence 14 levels because the loss was more than $400,000 but less

_____

[1]Although the Ex Post Facto Clause of the Fifth Amendment speaks only to changes in law resulting from legislative or executive acts, the Supreme Court has extended similar principles to the Due Process Clause to cover "unforeseeable [judicial] construction of a criminal statute." Bouie v. Columbia, 84 S.Ct. 1697, 1703 (1964). And in Rogers v. Tennessee, 121 S.Ct. 1693(2001), the Supreme Court explained that the Due Process Clause encompasses ex post facto principles of fair notice, fair warning and foreseeability; these principles are "core due process concepts" in the context of criminal penalties. Id. at 1699. See United States v. Duncan, 400 F.3d 1297, 1307 n.12 (11th Cir.), cert. denied 126 S.Ct. 432 (2005), assuming *arguendo*, without deciding, that Roger's recognition of the applicability of ex post facto fair warning principles under the Due Process Clause applies to the retroactive increase of the maximum punishment for a criminal violation.

[2]Guidelines calculations were made under the 2002 Guidelines Manual.

[3]It is not entirely clear to us how Ingram arrives at this six-month figure. Although it appears to be a miscalculation in the light of her criminal history category of II, we will assume *arguendo* the correctness of her calculation.

than $1,000,000 (U.S.S.G. § 2B1.1(b)(1)(H)), and two levels because the offense involved sophisticated means (U.S.S.G. § 2B1.1(b)(8)(C). Ingram received a three-level reduction for acceptance of responsibility (U.S.S.G. §§3E1.1(a) and (b)). Ingram argues that retroactive application of Booker's remedial opinion, which effectively made the Guidelines advisory, increased her sentence in violation of ex post facto principles incorporated into the Due Process Clause.

We have considered and rejected this argument in United States v. Duncan, 400 F.3d 1297 (11th Cir.), cert. denied,126 S.Ct. 432 (2005).[4] As we explained in Duncan, 400 F.3d at 1308, before Booker, "the recognized state of the law looked to the U.S. Code as establishing maximum sentences." The statutory maximum sentence for Ingram's offense has not changed; both before and after Booker the statutory maximum sentence for conspiracy to commit fraud (§ 371) was five years and the maximum sentence for fraud (§ 1341) was 30 years. The Code provided ample notice of the potential consequences of the criminal acts to satisfy ex post facto principles as encompassed by Due Process Clause.

---

[4]Duncan rejected the argument that the part of Booker that applied Blakely v. Washington, 124 S.Ct. 2531 (2004) to the federal sentencing guidelines applies retroactively (Justice Steven's majority opinion), but the part of Booker that made the guidelines effectively advisory (Justice Breyer's majority opinion) has no retroactive application. 400 F.3d at 1304. As we noted, Booker states expressly that both holdings apply to cases on direct review. Id.

3

Ingram seeks to distinguish Duncan by asserting that she relied on Blakely when entering her guilty plea whereas the defendant in Duncan was convicted and sentenced before Blakely was decided. Exactly what it is in Blakely that Ingram claims to have relied upon is not clear: Blakely stated clearly that "[t]he Federal Guidelines are not before us, and we express no opinion on them." Blakely, 124 S.Ct. at 2538 n.9. And the district court judge, before accepting Ingram's guilty plea, explained fully her sentencing exposure and the uncertainties attending application of Blakely if that were to come about. Ingram acknowledged her understanding. Ingram had fair warning about the possible penalties she faced; no ex post facto principles encompassed by the Due Process Clause were implicated.

AFFIRMED.